# W. W. Tyler v. The State.

No. 22331. Delivered December 9, 1942.
Rehearing Denied January 27, 1943.

The opinion states the case.

*Marvin P. McCoy* and *Leo C. Brady,* both of Houston (*Clyde B. Myer,* of Houston, counsel on appeal only), for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a sentence of five years in the penitentiary on a charge of rape.

The evidence shows that appellant, who was reared and attended school in the City of Houston, had returned to his home about a month previous to the commission of the offense charged after he had been discharged from a third term in the penitentiary in Oklahoma. He was twenty-eight years of age and married. Late in the night of March 25, last, appellant joined one Jamison, leaving his wife and home for the announced purpose of a visit with friends whom he had not seen for some time. From a controverted story of the happenings, we learn that they were soon joined in their car by Atna Dailey, the prosecutrix, and a girl named Clayton. After several hours of automobile riding and beer drinking at different night places, the Clayton girl was taken to her home and Atna Dailey remained in the car with the two men. According to her testimony, she asked to be taken home but they declined to do so and drove out of town onto a side road among some trees. At this point the evidence of the State and of the

defense differs materially as to what took place. The appellant admits his act of intercourse but claims it was with her consent, while she tells a horrible story of mistreatment and force upon the part of the appellant, who, according to her, was assisted by Jamison. They then took her home and appellant went to his residence, arriving some time before four o'clock. She called the police who investigated the matter and attested to her physical appearance and to the fact that she was sober, corroborating her story of mistreatment. She was then taken to the hospital where she was examined by a physician. The doctor's testimony to facts would amply justify the jury in believing the story which she told of the misconduct of the two men. There is no question about the sufficiency of the evidence. There is no contention seriously made that the prosecuting witness was a virgin. The doctor's testimony would not aid the State in such contention had it been made. Probably this fact had its full force and effect with the jury, who gave appellant only five years in the penitentiary, but.it is no defense to the charge of rape by force and is no proof of consent under the circumstances of the instant case.

The law seems to be that under such circumstances as detailed by the facts of this case the defendant should be permitted to prove, if he can, that the prosecuting witness is a common prostitute, also that he had had former relations with her, but the mere fact of her former relations with other men would be no evidence of her consent to this relationship with the accused. A very able discussion and summary of the law is found in an opinion by Judge Christian in the case of Graham v. State 67 S. W. (2d) 296. See also Branch's Annotated C. C. P., pages 1003-4. A woman who has been intimate with some trusted person, or even more than one, should not, by reason thereof, be subjected to the ravages of merciless men or lowered to the status of a common prostitute. On the other hand, if she is such, the fact may well be considered by the jury as touching her credibility as a witness. If she has had former relations with the accused, his story of consent would be more readily believed by a reasonable jury. This will serve to dispose of appellant's first bill of exception.

Appellant presents seven bills of exception upon which he asks that this case be reversed. Several of these pertain to the same thing and the law involved may be discussed relative to all such as one. Other evidence admitted over objections of appellant, as reflected by several of the bills, had the effect

of informing the jury that appellant was a married man. If there was error in admitting this testimony at the time the proceedings were had, it was cured by the fact that appellant as a witness in his own behalf several times made statements relative to his wife, both on direct examination voluntarily and on cross examination without objection. It is well settled that he was thereafter not in position to complain of its admission.

The same reasoning and the same testimony dispose of the complaint included in bill of exception number six, embracing the argument of the prosecuting attorney wherein he said "this little girl found herself in the hands of two married men, Tyler and Jamison."

Bill of exception number seven complains of the failure of the court to give the requested charge affirmatively presenting an issue on the question of penetration. The court qualifies this bill with the statement that there is no issue on the subject. The record is conclusive on that question and the charge would have been improper.

Finding no error in the record of the case before us, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again contends that it was error for the trial court to allow the prosecutrix to testify relative to what caused her to go to the court house in Harris County for the purpose of having this charge against appellant dismissed. While the witness was on the stand, being interrogated upon her cross-examination by appellant's attorney, she stated:

"I came down here with Dorothy Clayton to get this case dismissed. That was the next day after it happened. I realized what I was doing when I came down here. I talked to some man; I don't know if it was Mr. Jake Colca, deputy sheriff, or not; and he said it was impossible to get it dismissed."

Evidently this testimony was thought to be beneficial to the appellant and harmful to the State by appellant's attorney, otherwise he would not have brought out the same. We think the State would then have the right to show the reason why

the prosecutrix made such request. True, the appellant, as a general proposition, is not bound by efforts of relatives or friends in the suppression of evidence unless his connection therewith is clearly shown; but in this instance, if error there be, same was invited by appellant in his endeavor to show that prosecutrix endeavored to procure a dismissal of these charges, evidently expecting the jury to believe in their probable falsity. We also note that the trial court, when admitting such testimony, limited the same only to the reasons why such witness came to the court's building, and stated in his qualification thereto that he refused to permit witness to state before the jury any conversation of other parties expressing their opinion as to the guilt of the defendant, if other parties had anything to do with her coming down and asking that the case be dismissed, and in her explanation of her effort to get the case dismissed she did not testify to anything any person told her in connection with the guilt or innocence of the defendant of the charge. We think, if error there was, that same was invited by appellant, and under the court's qualification we see no error evidenced in such proceedings.

Appellant also complains because of the fact that it was shown by the State, over his objection, that he was a married man. We think appellant was to blame for such a fact being present in evidence. We find in appellant's direct examination he testified that: "When I left home I told my wife I was going to be gone a little while," and again when appellant was requested to stay out late by the parties who accompanied him, he testified that he said: "No, I have got to go home." "It was the first time I had been away from home that late at night, and I was afraid my wife was going to raise Cain anyhow." And again on cross-examination appellant said: "I wanted to go home because my wife was going to give me the devil anyway."

All these proceedings took place without any objection of any kind. We do not think the incidental expression relative to the wife of appellant, contained in the prosecutrix's statement of her reasons for asking a dismissal of this charge, was either the cause of the jury finding out the marital status of appellant, or was such as to demand these frequent and unobjected to references to the waiting wife at home. We see no error reflected therein.

Appellant complains because of the failure of the trial court to give in charge to the jury his special requested charge

which endeavored to group together the question of force, consent of prosecutrix, and a penetration by appellant, as well as the resistance of prosecutrix to the utmost of her power, etc. There was but one issue in this case, consent or not by the prosecutrix. Appellant admitted the act of intercourse, with penetration of her body, to which act prosecutrix also testified, his only defense being that same was with her consent. Numerous bruises were shown to be present upon the body and parts of prosecutrix, and she testified that appellant had intercourse with her without her consent. The trial court charged the jury that:

"If Atna Dailey consented to the act of sexual intercourse, if any, with the defendant, or if you have a reasonable doubt thereof, you will acquit the defendant."

The only question that the jury was called upon to decide was whether this woman gave her consent to this completed act of intercourse. If so, then appellant was entitled to an acquittal. No question of the amount of resistance, nor none relative to penetration was presented in the evidence, and the trial court, in unequivocal language, told the jury to acquit appellant unless they believed beyond a reasonable doubt that this act of intercourse was had without the consent of prosecutrix. We think he thus correctly disposed of this question, and the requested charge was not called for by the facts.

Thus believing, the motion is overruled.