**Jimmie Curtis ROPER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36388.**

Court of Criminal Appeals of Texas.

Jan. 8, 1964.

Rehearing Denied Feb. 19, 1964.

Will A. Knight, Tyler, Welby K. Parish, Gilmer, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is rape by force; the punishment, confinement in the penitentiary for 75 years.

The evidence reflects that prosecutrix was a 27 year old woman who had lived in Tyler for five years and worked for an oil company in that community. Upon walking from work to her apartment on the evening in question, and entering her front door, a man came up behind her and put his left hand across her mouth and nose, thus preventing her from breathing. Prosecutrix testified that she could not see her attacker's face and that he held a knife to her throat; that he told her to do everything that he said and she would not get hurt; that the man pulled her back into the bathroom where two strips of adhesive tape were stuck to the wall. The tape was subsequently placed over her mouth and eyes in such a manner as to prevent sight or speech. The knife was still at her throat, and she feared for her life. The man took her to her bed where he tied her wrists with cord and undressed her. He then had intercourse with her, placing his private parts in hers, without her consent. Upon finishing, her assailant talked to her for about 35 minutes, removing the tape from her mouth to enable her to answer. The prosecutrix testified that she did not scream because she was in fear of her life.

The prosecutrix further testified that after her assailant left, upon freeing herself, she found the telephone to be disconnected but was able to hook it up. She called her office manager where she worked and reported that she had been raped. She was then taken to the hospital and remained there overnight. A couple of days later she (prosecutrix) identified appellant's voice as that of the man who raped her. She had not seen appellant's face until the beginning of the trial, nor could she recall ever speaking to him prior to the offense in question.

Appellant's confession was admitted into evidence and reflects that he lived in the same apartment house as the prosecutrix and that his wife had been gone for about a week; that he had only spoken to prosecutrix on one occasion and had never had a conversation with her. On the afternoon in question, he went into her apartment around 3:00 carrying a butcher knife and some adhesive tape and stayed there until around 5 o'clock. The remainder of the confession contains substantially the same account of the commission of the offense as that of prosecutrix stated above.

Photographs of the apartment and the bed were introduced, showing the bed to be disarranged. The adhesive tape and venetian blinds cords were also introduced into evidence.

Herbert Isham, a detective for the city of Tyler confirmed prosecutrix's statement that she identified appellant's voice at the police station. Dr. C. R. Hunt, a medical doctor, who was called as a witness by the state, testified that he examined prosecutrix about an hour after the incident had occurred and found abrasions or scratches on her wrists, a fine scratch on the middle portion of her neck and numerous sperm or male sexual cells were found in her vagina.

The jury returned a verdict favorable to the state, and we find the evidence sufficient to support their verdict.

There are no formal bills of exception in the record. Appellant did not testify or offer any evidence in his behalf.

Appellant complains that the trial court erred in not permitting him to cross-ex-

amine the prosecutrix in an attempt to prove her to be of prior unchaste character. For the purpose of the bill, the prosecutrix testified, outside the hearing of the jury and in response to interrogation by appellant's counsel, that on the afternoon in question there was a quantity of birth control pills in her apartment, but she had never used them to prevent conception but rather to help regulate her menstrual flow. She also admitted to having intercourse with one other person prior to the day in question.

Appellant insists that the issue of consent was raised when the appellant pleaded not guilty to the indictment and that since it was raised, the prosecutrix's character as to chastity was put into issue. The cases cited by appellant in his behalf as to this matter are cases in which statutory rape is the offense and not rape by force, as in the instant cause.

■■■ We agree that when the issue of consent is raised, proof of specific instances of unchastity with appellant may be admissible, however, we cannot agree that the issue of consent is raised by a plea of not guilty in a cause in which rape by force is the offense. When the offense is rape by force and there is no issue of consent there is no defense that the woman was not a chaste female. Tyler v. State, 145 Tex.Cr. R. 315, 167 S.W.2d 755.

In Branch's 2nd ed. Vol. 4, Sec. 1961, the rule with supporting authorities is stated:

"Testimony that prosecutrix had had intercourse with others than defendant is not admissible if it would not tend to solve any issue in the case * * *" and "* * * When the only purpose is to weaken the testimony of the state as to the want of consent, proof of specific instances of unchastity, except with the defendant, is not admissible."

■■■ We feel also that the issue of consent is not raised by the evidence as appellant's confession, which was introduced, shows he never met the prosecutrix; that he had only spoken to her one time; that she had been to work that day; that he tied her to the bed, held a knife to her throat and that she was in fear of her life. The testimony of the prosecutrix also reflects a total lack of consent.

■■■ The prosecutrix's testimony that she had had intercourse with another person prior to the day of the alleged offense would not have tended to explain the condition of her private parts after the alleged act of intercourse with her by appellant.

Thus we find that this contention is without merit as appellant's bill reflects nothing which might explain prosecutrix's unchastity in a manner consistent with defendant's innocence.

Appellant also complains that reversible error was committed when the Assistant District Attorney asked Detective Grimes of the Tyler Police Department the following:

"Q: Mr. Grimes, on Monday night that the defendant was at the police station, did you take him anywhere?

"A: Yes, Sir.

"Q: Where was that?

"A: We carried him and run a polygraph test.

"Mr. Knight: We are going to object to that, Judge, and ask for a mistrial.

"The Court: I didn't even hear his answer.

(Reporter's note: Answer above read to the Court by reporter, not within hearing of the jury.)

"The Court: I sustain the objection and the jury will not consider his answer to that question for any purpose whatever.

"Mr. Knight: What about our motion for a mistrial?

"The Court: Overrule your motion.

"Mr. Knight: Note our exception."

No bad faith is indicated as the very next question of the Assistant District Attorney shows the answer he was seeking.

"Q: Did you take him to his apartment that Monday."

 The answer of Officer Grimes was unresponsive and did not reflect what the result of the test was. The Court properly instructed the jury not to consider the answer for any purpose and thus no reversible error is reflected.

Finding no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION
## FOR REHEARING

WOODLEY, Presiding Judge.

The appellant challenges our holding that the trial court did not err in refusing to permit him upon cross-examination to prove that the prosecutrix had had sexual intercourse prior to the day in question.

In Ross v. State, 60 Tex.Cr.R. 547, 132 S.W. 793, at p. 797, this Court said:

"* * * If the surroundings and physical facts of the assault or the conduct of the parties previous thereto were of such a character as that the question of consent is suggested, then in this character of case proof of general reputation for chastity would be admissible. But when every fact, when the conduct of the parties is before the jury, and everything excludes the idea of consent, it would be idle to attempt to rebut them simply by proof of a want of chastity. Such testimony could only become material where there is some question as to the consent of the prosecutrix. * * * In this case the evidence excludes the idea, as there is no question as to the force used and the want of consent."

See also Fite v. State, 139 Tex.Cr.R. 592, 140 S.W.2d 848; Jones v. State, 119 Tex. Cr.R. 525, 46 S.W.2d 308.

Appellant's motion for rehearing is overruled.