**Ex parte Jimmie Curtis ROPER.**

No. 39929.

Court of Criminal Appeals of Texas.

Dec. 7, 1966.

J. O. Duncan, Gilmer, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to the custody of Dr. George Beto, Director of the State Department of Corrections at Huntsville.

In the year 1963 appellant was convicted in the 114th Judicial District Court of Smith County of the offense of rape and assessed punishment at confinement in the penitentiary for seventy-five years.

In an appeal to this court, the judgment of conviction was affirmed in an opinion delivered January 8, 1964. Roper v. State, Tex.Cr.App., 375 S.W.2d 454, rehearing denied February 19, 1964.

On January 18, 1965, an application for writ of habeas corpus was filed on behalf of appellant with the Honorable Connally McKay, Judge of the 114th District Court of Smith County, which alleged that appellant was being illegally .restrained of his liberty by virtue of the 1963 judgment of conviction. In the application it was insisted that the judgment was void because it was based in part upon a confession made by appellant after his request to see an attorney had been denied and that he was deprived of his constitutional rights to counsel and due process of law.

Judge McKay granted the writ and on May 17, 1966, conducted a hearing upon the application, appellant being present at the hearing and represented by counsel by virtue of a bench warrant issued by the judge.

At the hearing it was shown that appellant's confession introduced in evidence at the 1963 trial was made to assistant district attorney R. S. Burruss. Appellant signed the confession in the district attorney's office on the morning of October 30, 1962.

Appellant testified that before making the statement he asked if he could call his folks or an attorney and that Attorney Burruss told him after they got the matter cleared up he could call anyone he wished to. Appellant stated that he first saw an attorney in late December, 1962, or January, 1963.

R. S. Burruss, the first assistant district attorney to whom appellant made the confession and who at the time of the hearing was serving as county judge of Smith County, testified that he first gave appellant the statutory warning and that there was no mention of an attorney. The witness swore that appellant did not ask to see a lawyer and, being before the "Escobedo case," he did not advise appellant that he had the right to have a lawyer present.

Lt. Joe Elliott of the Tyler police department testified that he took appellant from jail to the district attorney's office and was present when he made the confession to assistant district attorney Burruss. Lt. Elliott swore that at no time, either before or after making the statement, did appellant make any request of him or Judge Burruss to see an attorney. He further testified that there was a telephone available and appellant did not ask permission to use one.

At the conclusion of the hearing, the court found that appellant did not request and was not denied counsel prior to making the confession and entered his order denying appellant's application for writ of habeas corpus and remanding him into the custody of the respondent, Dr. George Beto.

In the entry of such order we find no error.

■ Under the evidence, the court was warranted in finding that appellant did not request to see an attorney prior to making the confession.

■ The fact that appellant was not advised that he had the right to consult with counsel did not render his confession inadmissible in his trial, which began February 21, 1963.

The cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977, and Miranda v. State of Arizona,

384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, have been held not to be retroactive.

In Johnson and Cassidy v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882, the Supreme Court held that Escobedo affected only those cases in which the trial began after June 22, 1964, and the Miranda decision applied only to cases tried after June 13, 1966.

Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, relied upon by appellant in his brief, has no application to the instant case, as no issue was raised by appellant with respect to the voluntary nature of his confession introduced in evidence at the original trial. Appellant's only objection to the confession was that he "was not properly warned."

The judgment is affirmed.

Opinion approved by the court.