**Amado R. ESQUIVEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47106.**

Court of Criminal Appeals of Texas.

March 13, 1974.

C. David Evans, San Antonio, (Court appointed on appeal only), for appellant.

Ted Butler, Dist. Atty. Gordon Armstrong, Bill Harris, Charles Felder and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

CORNELIUS, Commissioner.

The conviction was for rape by force and threats. Punishment was set at five years' confinement.

The State produced evidence that on the night of the offense the prosecutrix and a female companion went to a bar in Bexar County. While they were there they saw appellant in the company of several other men and were approached several times by one of the men. The men also followed the women to their car when they were leaving and asked where they were going. The women did not answer but started the car and left, proceeding on Highway 81. Sometime later they noticed a car following them and approaching rapidly. The car eventually forced the prosecutrix to drive her car off the road. The women tried to escape by backing their car away from the other car, but they were forcibly pulled from their automobile by five men who were in the other car. The men were the same men who had been seen by the women earlier at the bar, and included the appellant. The five men forced the women to go with four of the men in one car, while one of the men drove the prosecutrix's car away from the scene. After considerable driving, the women were taken to a plowed field, where three of the men sexually assaulted the prosecutrix by the use of force and threats against her life. She testified that appellant was one of the three men who assaulted her, and that he had a machete with him which he threatened to use to kill her if she tried to escape.

The appellant denied having had any relations whatever with the prosecutrix or her companion. He voluntarily took the stand and testified that, although he had seen the prosecutrix earlier on the night in question, he was not one of the men who participated in the abduction or rape. He further testified that he had seen a car earlier that evening in which there were five "wet-backs" who he supposed might be the guilty parties. His testimony, including that concerning his whereabouts and activities on the night in question, was corroborated by several other witnesses.

We first consider Ground of Error No. 15 because it challenges the sufficiency of the evidence to sustain the conviction. The main basis of this ground is the contention that the testimony of the prosecutrix indicated that one of the men (not the appellant) was reluctant to have intercourse with her, but said that ". . . he had to or the other men would get" him and that the prosecutrix seemed insulted at the man's reluctance. In addition, appellant asserts that the overall testimony cast great doubt upon the reliability and credibility of the prosecutrix. In spite of these contentions, however, the prosecutrix positively testified that the appellant was one of the men who forcibly pulled her out of her car, who helped two other men push her into the bushes, who approached her with a machete, and by force and threats had intercourse with her without her consent, threatening to kill her if she tried to escape. Portions of her testimony were substantially corroborated by several other witnesses.

■ The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony. Art. 36.13 and Art. 38.04, Vernon's Ann. C.C.P.; Brown v. State, Tex.Cr.App., 477 S.W.2d 617. The jury may believe some witnesses and refuse to believe others and it may accept portions of the testimony of a witness and reject other portions. The jury here obviously chose to believe the State's testimony. Viewing the evidence in the light most favorable to the verdict, as we must (Jones v. State, Tex.Cr.App., 442 S.W.2d 698, certiorari denied, 397 U.S. 958, 90 S.Ct. 967, 25 L.Ed.2d 143), it is sufficient to support the jury verdict.

■ Included as a part of the argument under Ground of Error No. 15 is a contention that the trial court should have allowed the appellant to attempt to prove by

the witness Purvis that the prosecutrix had had sexual relations with many men and was a person of loose morals who probably did not resist her attackers. This contention is not properly presented in the briefs, but in the interest of justice it will be considered.

When consent is not an issue, neither evidence of general unchastity on the part of the prosecutrix nor evidence of specific instances of unchastity, except with the defendant, is admissible. Roper v. State, Tex.Cr.App., 375 S.W.2d 454; Tyler v. State, 145 Tex.Cr.R. 315, 167 S.W.2d 755; Branch's Anno. Pen. Code 2d Ed. Vol. 4, Sec. 1961. The issue of consent was not raised here. The appellant took the stand and testified. He did not claim consent, but he simply denied even being present or having had any act of intercourse at all with the prosecutrix. The issue of consent is not raised merely by a plea of not guilty. Roper v. State, supra. Ground of Error No. 15 is overruled.

In his Grounds of Error Nos. 1 through 4, the appellant contends that the State failed to sustain its burden of proof as to venue. Concerning venue, the prosecutrix testified initially that the offense occurred in Bexar County. Later, she said she didn't know for sure if it was in Bexar County, but that it did occur near Benton Road. Officer Olivares testified that the prosecutrix took him out on Benton Road, and that it was determined that the offense occurred at a point in a plowed field near Benton Road. He further testified that Benton Road is entirely in Bexar County. The prosecutrix testified that she and her companion were forced into the attackers' automobile on Benton Road, and that they "drove and drove" and eventually were taken to the plowed field where the offense occurred. She also said that when they left to go off the road into the plowed field the road was rocky and graveled, as the testimony showed Benton Road to be.

According to the principles announced in Phillips v. State, Tex.Cr.App., 459 S.W.2d

632, this testimony was sufficient to support the jury finding that the offense occurred in Bexar County. Venue in a criminal case need not be proved beyond a reasonable doubt, but only by a preponderance of the evidence. Curtis v. State, Tex.Cr.App., 321 S.W.2d 587; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501; 24 Tex.Jur.2d 418; Phillips v. State, supra.

In Ground of Error No. 5 the appellant asserts that the court erred in allowing the prosecution to ask the prosecuting witness the question, ". . . and when we went to the location out there on the road, Benton City Road, who went with us?", contending that such question constituted an affirmative statement of a fact not in evidence. The question was objected to because it was "leading," which was overruled, and "repetitious", which was sustained. Appellant did not pursue the objection on the ground of repetitiousness to an adverse ruling. He made no objection at all on the ground which he now asserts as error. Furthermore, the same evidence had previously been admitted without objection on direct examination of the prosecutrix. Consequently, nothing is presented for review. Ground of Error No. 5 is overruled.

In Grounds of Error 6 through 10, appellant complains of various comments by the trial judge which he contends were comments upon the weight of the evidence and were therefore prejudicial error. We have carefully considered the record and all of these comments and it appears that no objection was made to any of them. At one point appellant objected to the court's ruling at the time a certain comment was made, but there was no objection to the comment. As the comments were not objected to, no error was presented for review. Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49; Howard v. State, Tex.Cr.App., 420 S.W.2d 706; Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901. In addition, the comments do not appear to be such as were calculated to prejudice ap-

pellant's rights. See Collins v. State, Tex. Cr.App., 376 S.W.2d 354; Ferrell v. State, supra.

◼ Grounds of Error 11 and 16 complain of the action of the trial court in allowing the prosecutrix to testify that she heard her companion say she had also been raped on the occasion in question, and in allowing such companion to testify directly as to attacks upon her. As to allowing the direct testimony of the companion, all of such testimony, which described in detail the gang rape on both herself and the prosecutrix, was admitted without any objection. Therefore, no error is presented as to such testimony. As to complaint of the hearsay outcry of the companion, she testified directly that she had been raped. Therefore, any error as to prosecutrix's testimony about the hearsay outcry was waived and would have been harmless beyond a reasonable doubt. East v. State, Tex.Cr.App., 420 S.W.2d 414; Autry v. State, 159 Tex.Cr.R. 419, 264 S.W.2d 735; Hart v. State, Tex.Cr.App., 447 S.W.2d 944.

◼ Appellant asserts in Grounds 12, 13 and 14 that the court erred in allowing the prosecutrix to testify that appellant had a machete in hand when he began his assault on her and threatened her life with it. Appellant had previously made a motion for discovery, which called for inspection and photographing of any weapons alleged to have been used in the offense. The court granted the motion and questioned the prosecutor who said he had no weapon, that the file did not reveal that a weapon was involved, and that he assured appellant's attorney that he would be given adequate warning if there was to be any evidence of the use of a weapon. In questioning the prosecutrix later in the trial, she was asked by the prosecutor if the appellant had anything in his hand as he approached her, and she testified as to his possession of the machete.

While there may have been a violation in connection with the motion for discovery, we conclude that prejudicial error is not shown. It is settled that the suppression of evidence, regardless of the good faith or bad faith of the parties, is not ground for reversal unless it had a materially prejudicial effect upon the judgment. Means v. State, Tex.Cr.App., 429 S.W.2d 490. Considering the evidence as a whole, the circumstances of the offense, and especially the minimum penalty assessed against appellant, we conclude that the testimony concerning the machete did not have a materially prejudicial effect upon the judgment. In addition, if appellant knew of the existence of the evidence, he cannot complain of surprise or the suppression of it and he must show that he did not know it in order to be entitled to a reversal. Means v. State, supra; Graham v. State, Tex.Cr.App., 486 S.W.2d 92. There was no such showing in this case. Finally, appellant made no objection to evidence of the use of the weapon until after nine full questions relating to that matter had been asked and answered. Appellant's objection was upon a ground which was apparent when the first question was asked. The error, if any, was waived when appellant failed to make a timely objection. Haggerty v. State, Tex.Cr.App., 491 S.W.2d 916.

◼ Appellant asserts in his seventeenth and final ground of error that the trial court erred in permitting the testimony of Officer Jay Townsend, wherein the officer stated that the prosecutrix identified the accused as one of two men sitting in a car who had raped her. No objection having been made to the officer's testimony in the trial court, no error is shown. See Burns v. State, 470 S.W.2d 867 (Tex. Cr.App.1971).

We find no reversible error and the judgment of the trial court is affirmed.

Opinion approved by the Court.