**Frank Leonard HASLEY, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 141 CR.**

Court of Appeals of Texas, Beaumont.

March 28, 1984.

Dennis Powell, Mueller & Powell, Orange, for appellant.

William Wright, County Atty., Orange, for appellee.

## OPINION

McNICHOLAS, Justice.

This is an appeal from a conviction for the offense of escape from custody while under indictment for a felony. The jury assessed punishment at imprisonment for five years. The sentence is to run concurrently with appellant's twelve year sentence received after he entered a plea of guilty to two counts of burglary of a building.

Appellant's sole ground of error is that the evidence was insufficient to support a conviction because it failed to prove beyond a reasonable doubt that the defendant escaped from the custody of Danny Hodges, as alleged in the indictment.

The indictment alleged appellant "did then and there after being arrested for an offense, to wit: burglary, did intentionally and knowingly escape from the custody of Danny Hodges, a peace officer, while confined in a penal institution to wit: Orange County Jail ...."

Appellant contends that since the State included in the indictment that he escaped from the custody of a named individual that the State must prove that he escaped from that person's custody as an element of the offense. Further, that since the State could not prove the exact time of appellant's unauthorized departure, they could not prove that he escaped from Hodges' custody.

The evidence shows that on February 13, 1983, appellant was an inmate at the Orange County Jail, having been arrested on January 26, 1983, for burglary. Also, on that date, Danny Hodges, a corrections officer, came on duty at 3:00 p.m. Then, at approximately 3:45 p.m., the electrical power in the jail went out. Ten minutes later, when Byron Samuel turned himself in, it was determined that there had been an escape. Appellant was found to be missing. On February 18, 1983, appellant voluntarily returned to jail.

A person who is arrested for, charged with or convicted of an offense commits an offense if he escapes—defined as an unauthorized departure—from custody. *TEX. PENAL CODE ANN. sections 38.-01(3) and 38.07(a)* (Vernon 1974). Further, *section 38.07(c)(2)*, states that the offense is a felony if the actor is confined to a penal institution.

A person is considered to be in "custody" when he is "detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of a court." *TEX. PENAL CODE ANN. section 38.-01(2)* (Vernon 1974).

*TEX. CODE CRIM.PROC.ANN. art. 2.18 and 2.20* (Vernon 1977) states the sheriff shall have custody of prisoners in the jail and that the sheriff's duties may be lawfully performed by his deputy.

Thus, under these statutes we do not view the term "custody" to be limited to a narrow meaning of actual, physical custody. Rather, we view the term broadly to constructively encompass all inmates of a penal institution.

It was stipulated that appellant was an inmate at Orange County Jail on February 13, 1983. However, the actual time of appellant's departure is unknown.

The State contends that appellant used the power outage to make his escape. Appellant's only witness testified that he saw appellant and Byron Samuel out of jail around 1:00 p.m. on February 13, 1983.

The jury as the trier of fact is the exclusive judge of the credibility of the witnesses and has the discretion to believe or disbelieve appellant's witness. *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr.App.1974). Viewing all the evidence in the light most favorable to the verdict, it is evident that the jury could properly determine that appellant used the timely power outage to make his escape. *Esquivel v. State, supra; Jones v. State*, 442 S.W.2d 698 (Tex.Cr. App.1969) *cert. denied* 397 U.S. 958, 90 S.Ct. 967, 25 L.Ed.2d 143 (1970). Therefore, appellant's escape from the penal institution was an escape from the custody of Danny Hodges, a correction officer, who had custody of all the inmates.

Appellant's ground of error is overruled and the judgment is

AFFIRMED.