NUMBER 13-04-236-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




EPIMENIO CAMPOS,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 156th District Court
of Bee County, Texas.




MEMORANDUM OPINION




Before Justices Rodriguez, Castillo and Garza
Memorandum Opinion by Justice Castillo

         The indictment charged appellant Epimenio Campos with a single count of
indecency with a child by exposure.


 A jury returned a guilty verdict. The trial court
assessed punishment at twelve years in the Texas Department of Criminal
Justice–Institutional Division, and a $5,000 fine. By one issue, Campos asserts that
the evidence was legally and factually insufficient to sustain the jury's finding the
intent to arouse or gratify element of the offense. We affirm.
I. Background
         The indictment alleged that, on or about July 22, 2003, Campos intentionally
or knowingly exposed his genitals in the presence of M.G., a child younger than
seventeen years and not his spouse, with the intent to arouse or gratify his sexual
desire. The indictment contained five enhancement paragraphs. Campos pleaded not
guilty to the indictment, and the case proceeded to trial by jury.
         M.G. testified that, on or about July 22, 2003, she was playing with her little
sister, A.G., in their back yard. M.G. was thirteen years old at the time. She noticed
Campos, her neighbor, outside his house watching them. Campos was wearing a
white towel and nothing else. After Campos had "stared" at them for approximately
twenty minutes, A.G. told M.G. to "tell him something." M.G. yelled, "What are you
looking at?" Campos responded with an expletive using a sexual connotation, opened
the towel, spread his legs, and exposed himself. M.G. saw him nude; A.G. did not. 
Campos had stared at the two on prior occasions while they played outside. 
         The children's mother testified that Campos often stared at the three of them. 
On that day, she was outside and saw him staring at her daughters. She went inside
her home and looked out the window. She heard him say something to her daughters,
spread his legs, and open the towel he was wearing, exposing himself. She called the
police who arrived a few minutes later. By that time, Campos had gone into his
house. She testified Campos usually wore a pair of tan shorts. 
         The first officer at the scene testified that Campos admitted standing outside
when the girls used profanity toward him. Campos denied exposing himself. At the
time of his arrest, Campos was wearing tan shorts, which were admitted in evidence.
         For the defense, a neighbor testified that, on the day in question, she saw
Campos wearing a white towel around his waist but that he was wearing beige colored
shorts underneath. She had not previously seen him with a towel around his waist. II. Sufficiency of the Evidence
A. Standard of Review
         In his sole issue, Campos argues that the evidence does not prove he had the
requisite intent to arouse or gratify his sexual desire when he exposed himself. 
Campos asserts that the expletive and exposure, while inappropriate, were in response
to the child yelling at him. The State responds that the specific intent may be inferred
from the evidence, and Campos has offered merely a competing inference which the
jury resolved favorably to the State. 
1. Legal Sufficiency
         A legal-sufficiency challenge calls on us to review the relevant evidence in the
light most favorable to the verdict, and then to determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. 
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)); see Swearingen v. State, 101 S.W.3d 89, 95
(Tex. Crim. App. 2003) (en banc); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000) (en banc). This standard is meant to give "full play to the [jury's] responsibility
fairly" to "draw reasonable inferences from basic facts to ultimate facts." Sanders v.
State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). We consider all the evidence
that sustains the conviction, whether properly or improperly admitted. Conner v.
State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)). Similarly, we consider all the
evidence that sustains the conviction, whether submitted by the prosecution or the
defense, in determining the legal sufficiency of the evidence. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467,
470 (Tex. Crim. App. 1993) (en banc). In this review, we are not to reevaluate the
weight and credibility of the evidence, but rather, we act only to ensure that the jury
reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993) (en banc). 
         The legal sufficiency of the evidence is measured against the elements of the
offense as defined by a hypothetically correct jury charge for the case. Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). This standard of legal sufficiency
ensures that a judgment of acquittal is reserved for those situations in which there is
an actual failure in the State's proof of the crime, rather than a mere error in the jury
charge submitted. Id. We then determine if any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at
319; Johnson, 23 S.W.3d at 7. 
         If we reverse a criminal case for legal insufficiency, we reform the judgment of
conviction to reflect conviction for a lesser offense only if a jury charge on the lesser
offense was either submitted or requested, but denied. Collier v. State, 999 S.W.2d
779, 782 (Tex. Crim. App. 1999). Otherwise, we vacate the judgment of conviction
for legal insufficiency and order a judgment of acquittal. Swearingen, 101 S.W.3d at
95. 
2. Factual Sufficiency
         We are constitutionally empowered to review the judgment of the trial court to
determine the factual sufficiency of the evidence used to establish the elements of the
offense with which Campos was charged. See Johnson, 23 S.W.3d at 6. The Texas
Court of Criminal Appeals has restated the factual sufficiency standard of review:
There is only one question to be answered in a factual sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? However,
there are two ways in which the evidence may be insufficient. First,
when considered by itself, evidence supporting the verdict may be too
weak to support the finding of guilt beyond a reasonable doubt. Second,
there may be both evidence supporting the verdict and evidence contrary
to the verdict. Weighing all the evidence under this balancing scale, the
contrary evidence may be strong enough that the beyond-
a-reasonable-doubt standard could not have been met, so the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can 'preponderate' in favor of conviction but still be insufficient to
prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can 'outweigh' the contrary proof
and still be factually insufficient under a beyond-a-reasonable-doubt
standard. 
Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). A clearly wrong
and unjust verdict occurs where the jury's finding is "manifestly unjust," "shocks the
conscience," or "clearly demonstrates bias." Prible v. State, No. AP-74,487, 2005
Tex. Crim. App. LEXIS 110, at *16-*17 (Tex. Crim. App. January 26, 2005, no pet.)
(designated for publication). 
         When the State bears the burden of proof, the proof of guilt is factually
insufficient if it is so obviously weak as to indicate that a manifest injustice has
occurred or if it is greatly outweighed by contrary proof. Zuliani v. State, 97 S.W.3d
589, 593-94 (Tex. Crim. App. 2003). In determining the factual sufficiency of the
elements of the offense, we view all the evidence neutrally, not through the prism of
"the light most favorable to the prosecution." Johnson, 23 S.W.3d at 6-7 (citing
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). However, we
approach a factual-sufficiency review with appropriate deference to avoid substituting
our judgment for that of the fact finder. Id. Our evaluation should not intrude
substantially on the fact finder's role as the sole judge of the weight and credibility
given to witness testimony. Id. We must consider the most important evidence that
the appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600,
603 (Tex. Crim. App. 2003).     
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. Absent exceptional circumstances, issues of
witness credibility are for the jury, and we may not substitute our view of the
credibility of a witness for the constitutionally guaranteed jury determination. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A conclusion of
guilt can rest on the combined and cumulative force of all the incriminating
circumstances. Id. We reverse a judgment of conviction only if proof of guilt is so
obviously weak and manifestly unjust or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Prible, 2005
Tex. Crim. App. LEXIS 110, at *16-*17. 
         In conducting a factual sufficiency review, we review all the evidence. Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). In the opinion, we "show our
work" when we consider and address the appellant's main argument for urging
insufficiency of the evidence. See Tex. R. App. P. 47.1; Sims, 99 S.W.3d at 603 ("A
proper factual sufficiency review must include a discussion of the most important and
relevant evidence that supports the appellant's complaint on appeal."). This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice. Id. 
         If we reverse a criminal case for factual insufficiency, we vacate the judgment
of conviction. Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal
case reversed for factual insufficiency so a second jury may have the chance to
evaluate the evidence. Swearingen, 101 S.W.3d at 97. 
B. The Intent to Arouse or Gratify Element
         The hypothetically correct jury charge against which we measure legal
sufficiency in the indictment in this case would ask the jury if Campos (1) on or about
July 22, 2003, (2) intentionally or knowingly, (3) exposed his genitals, (4) to a child
under the age of 17 years who is not his spouse, (5) with the intent to arouse or
gratify the sexual desire of any person. See Tex. Pen. Code Ann. § 21.11(a)(2)(A)
(Vernon 2003). Campos challenges only the intent to arouse or gratify element of the
offense. 
         A person acts intentionally, or with intent, with respect to the nature of 
conduct or to a result of the conduct when it is the person's conscious objective or
desire to engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a)
(Vernon 2003). Similarly, a person acts knowingly, or with knowledge, with respect
to the nature of conduct or to circumstances surrounding the conduct when the person
is aware of the nature of the conduct or that the circumstances exist. Tex. Pen. Code
Ann. § 6.03(b) (Vernon 2003). A person acts knowingly, or with knowledge, with
respect to a result of conduct when the person is aware that the conduct is reasonably
certain to cause the result. Id. A fact finder may infer the accused's mental state
from the acts, words, and conduct of the accused and from the circumstances
surrounding the acts in which the accused engaged. See Hernandez v. State, 819
S.W.2d 806, 810 (Tex. Crim. App. 1991) (en banc); Dillon v. State, 574 S.W.2d 92,
94 (Tex. Crim. App. [Panel Op.] 1978). An accused rarely facilitates conviction by
admitting to the requisite intent or knowledge. It seldom is possible to prove by direct
evidence what an accused intended or knew at the time of the incident. Thus, the fact
finder usually must infer intent and knowledge from circumstantial evidence rather than
direct proof. See Gardner v. State, 736 S.W.2d 179, 182 (Tex. App.–Dallas 1987),
aff'd, 780 S.W.2d 259 (Tex. Crim. App. 1989); see also Hernandez, 819 S.W.2d at
810; Dillon, 574 S.W.2d at 94-95. 
         Specifically, the fact finder can infer the requisite intent to arouse or gratify the
sexual desire of a person from conduct, remarks, or all the surrounding circumstances. 
Robertson v. State, 871 S.W.2d 701, 705 (Tex. Crim. App. 1993); McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. 1981). The intent to arouse or gratify
may be inferred from conduct alone. McKenzie, 617 S.W.2d at 216. No oral
expression of intent is necessary. Id.; Gregory v. State, 56 S.W.3d 164, 171 (Tex.
App.–Houston [14th Dist.] 2001, pet. granted). Nor is visible evidence of sexual
arousal required. McKenzie, 617 S.W.2d at 216; Gregory, 56 S.W.3d at 171. 
Further, the fact finder may draw an inference of guilt from the accused's
acts, words, and conduct before, during, and after the incident. See Foster v. State,
779 S.W.2d 845, 859 (Tex. Crim. App. 1989) (en banc) (inference of guilt may be
drawn from flight). 
C. Discussion
         The jury was free to resolve conflicts in testimony. See Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998) (en banc) (questions concerning the
credibility of witnesses and the weight to be given their testimony are to be resolved
by the trier of fact); see also Esquivel v. State, 506 S.W.2d 613, 615 (Tex. Crim. App.
1974). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996) (en banc). The
reviewing court must assume that the fact finder resolved the conflicts, including
conflicting inferences, in favor of the verdict, and must defer to that resolution. Id.          In this case, the evidence shows that Campos was outdoors wearing only a
white towel while, for no apparent reason, he stared at two children to the degree that
one child requested the other to tell him something. M.G. asked what he was looking
at and Campos responded, as he concedes on appeal, inappropriately. The jury could
have inferred the requisite criminal intent from conduct that he spread his legs and
opened the towel to expose himself while yelling an expletive with a sexual
connotation to a child, younger than 17 years of age, who was not his spouse. 
         The jury was free to infer his mental state from his acts, words, and
conduct and from the circumstances surrounding the acts in which he engaged. See
Hernandez, 819 S.W.2d at 810. Viewing the evidence in the light most favorable to
the verdict, we conclude that a rational trier of fact could have found beyond a
reasonable doubt the intent to arouse or gratify element of indecency with a child. See
Jackson, 443 U.S. at 319; see also Johnson, 23 S.W.3d at 7. Viewing the evidence
in a neutral light, we conclude that the evidence is not too weak to support a finding
of guilt beyond a reasonable doubt, and contrary evidence was not so strong that the
State could not have proven guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at
484-85.     III. Conclusion
         We conclude the evidence is legally and factually sufficient to sustain the intent
to arouse or gratify element of the offense. We overrule Campos's sole issue. We
affirm the judgment.


                                                               ERRLINDA CASTILLO
                                                               Justice 

Do not publish. 
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered 
and filed this the 9th day of June, 2005.