ACCEPTED
03-15-00258-CR
8080310
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/3/2015 4:11:13 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00258-CR

IN THE COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/3/2015 4:11:13 PM
JEFFREY D. KYLE
Clerk

STEPHANIE MAIE HEINTZLEMANN,
Appellant

v.

THE STATE OF TEXAS
Appellee

Appeal in Cause No. 42636 in the
33RD Judicial District Court of Burnet County, Texas

## Brief For Appellee

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS

Gary W. Bunyard
Assistant District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755     (325) 247-5274
g.bunyard@co.llano.tx.us
State Bar. No. 03353500

ATTORNEY FOR APPELLEE

December 03, 2015

*Oral Argument Waived*

## *Identity Of The Parties*

Trial Court

> Honorable J. Allan Garrett
> 424[th] Judicial District
> Burnet County Courthouse Annex (North)
> 1701 East Polk St., Suite 74
> Burnet, TX 78611

State/Appellee

> Blake Ewing                           (Pre-Trial and Trial Counsel)
> Assistant District Attorney (former)
> P. O. Box 725
> Llano, Texas 78643
> (325) 247-5755
> State Bar No. 24076376

> Richard S. Crowther                   (Pre-Trial and Trial Counsel)
> Assistant District Attorney (former)
> 1701 E. Polk St., Suite 24
> Burnet, TX 78611
> (512) 756-5449
> State Bar No. 05174200

> Gary W. Bunyard                       (Appellate Counsel)
> Assistant District Attorney
> P. O. Box 725
> Llano, Texas 78643
> (325) 247-5755
> State Bar No. 03353500
> g.bunyard@co.llano.tx.us

Appellant

Richard D. Davis                              (Pre-Trial and Trial Counsel)
P.O. Box 398
Burnet, Texas 78611
(512)756-5117
State Bar No. 05537100


Barton Joseph Vana                            (Trial Counsel)
101 Highway 281 North, Suite 205C
Marble Falls, Texas 78654
(830)385-2694
State Bar No. 24084441


Alice Price                                   (Appellate Counsel)
Attorney at Law
408 South Liveoak
Lampasas, Texas 76550
State Bar No. 00786177



Stephanie Maie Heintzleman                    (Appellant)
TDCJ No. 01984380
SID No. 50365208
William P. Hobby Unit
742 FM 712
Marlin, TX 76661

# Table Of Contents

Page

Index of Authorities.................................................................... v

Statement of the Case.................................................................. 1

Statement on Oral Argument...................................................... 1

Response to Issues Presented....................................................... 2

Statement of the Facts................................................................. 3

Summary of the Argument - Issue No. 1.................................... 5

> There are sufficient affirmative links between Appellant and
> the contraband to support a conviction for Possession
> of a Controlled Substance, Penalty Group 1 -
> Methamphetamine, In An Amount of One Gram or More
> But Less Than Four Grams With Intent to Deliver.

Argument on Issue No. 1..............................................................

    1.1  *Principals of Law*................................................................... 6

    1.2  *Applicable Facts*.................................................................. 9

    1.3  *Discussion and Conclusion*.................................................. 10

Prayer for Relief.......................................................................... 14

Certificate of Word Count.......................................................... 15

Certificate of Service................................................................... 15

# *Index Of Authorities*

Case Law                                                                    Page

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010)........                6

*Cedano v. State*, 24 S.W.3d 406, 411 (Tex. App.—
  Houston [1st Dist.] 2000, no pet.)....................                       7

*Chavez v. State*, 769 S.W.2d 284, 288-89 (Tex. App.—
  Houston [1st Dist.] 1989, pet. ref'd)....................                    8

*Esquivel v. State*, 506 S.W.2d 613 (Tex. Crim. App. 1974)......              6

*Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—
  Houston [1st Dist.] 1994, pet. ref'd)....................                    8

*Hernandez v. State*, 538 S.W.2d 127 (Tex. Crim. App. 1976).                  6

*Jackson v. Virginia*, 443 U.S. 307; 99 S. Ct. 2781;
  61 L. Ed. 2d 560 (1979)....................................                  6

*Johnson v. State*, 658 S.W.2d 623, 627 (Tex. Crim. App. 1983)               7

*Lafoon v. State*, 543 S.W.2d 617 (Tex. Crim. App. 1976).........             6

*Washington v. State*, 902 S.W.2d 649, 652 (Tex. App.—
  Houston [14th Dist.] 1995, pet. ref'd)....................                   8

Constitutions

None cited

Statutes/Rules

Tex. Penal Code § 1.07 (39)..................................................... 7

Tex. Penal Code § 6.01 (b)..................................................... 7, 13

Tex Penal Code § 7.02 (a)(2)................................................. 7

Treatises/Publications

None cited

## Statement Of The Case

Appellant has reasonably stated the Statement of the Case.

## Statement on Oral Argument

The undersigned waives Oral Argument. The undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues contain complex nuances and the Appellant has waived Oral Argument as well. In such event that this Court should believe that Oral Argument would assist the Court, the undersigned will gladly participate.

## *Response to Issues Presented*

<u>Issue No. One:</u>  There are sufficient affirmative links between Appellant and the contraband to support a conviction for Possession of a Controlled Substance, Penalty Group 1 - Methamphetamine, In An Amount of One Gram or More But Less Than Four Grams With Intent to Deliver.

## Statement Of The Facts

Appellant has not adequately described the Statement of the Facts.

On February 15, 2014, Granite Shoals Police Officer Robert Chrane conducted a traffic stop on a 1998 Pontiac Grand Am within Granite Shoals, Texas. RR Vol. 3 Pages 95 - 96. The vehicle was being operated by Grant Cole. RR Vol. 3 Page 97. Appellant was the passenger and the owner of the vehicle. RR Vol. 3 Pages 98, 109 - 112.

The operator, Grant Cole, was arrested for outstanding warrants. RR Vol. 3 Page 97. Granite Shoals Sergeant Chris Decker made contact with Appellant and determined that the majority of the contents of the vehicle belonged to Appellant. RR Vol. 3 Pages 109 - 112. Sergeant Decker asked Appellant for consent to search the vehicle and Appellant granted this request. RR Vol. 3 Page 114.

In a bag that was located between Appellant's leg and the center console, Sergeant Decker found a soda straw that had been modified in a way that it could be used for ingesting powder-like substances. RR Vol. 3 Page 116. Inside the straw was a powdery residue. RR Vol. 3 Page 116. Also inside this bag were two glass pipes, one containing suspected methamphetamine and the other containing marihuana.

RR Vol. 3 Page 118. Also located in this bag were female items such as sunglasses and makeup, things of that nature. RR Vol. 3 Page 116, 161.

In a "cheetah print" bag located in the passenger compartment of the vehicle, Sergeant Decker found plastic baggies containing numerous small baggies with clear crystal substance inside. RR Vol. 3 Page 121. These were jeweler-style baggies, small zip-style baggies, within a larger jewelry-style baggie as well as a $50 bill and $1 bill inside that drawstring pouch with both of the bills contained crystalized substance on the surface of what obviously under the flashlight of having some sort of crystallized substance on them. RR Vol. 3 Pages 121 - 122, 125 - 126. This bag was observed by Sergeant Decker to originally be located underneath Appellant's legs in front of the passenger seat. RR Vol. 3 Page 121, 152, 160 - 161.

Officer Chrane, while assisting with the search, found in the center console a glass pipe with a bowl at the end that contained powdered residue that was believed to be methamphetamine. RR Vol. 3 Page 99.

The suspected methamphetamine was tested at the DPS Crime Lab and determined to contain 3.52 grams of methamphetamine. RR Vol. 4 Pages 16 - 19.

## Summary Of The Argument on Issue No. 1

**There are sufficient affirmative links between Appellant and the contraband to support a conviction for Possession of a Controlled Substance, Penalty Group 1 - Methamphetamine, In An Amount of One Gram or More But Less Than Four Grams With Intent to Deliver.**

Appellant argues that there is no evidence of an affirmative link or connection between Appellant and the contraband under the "Link Doctrine". Appellee asserts that there is ample circumstantial evidence to support the jury's verdict that Appellant is Guilty of this offense.

## Argument On Issue No. 1

### 1.1    Principals of Law

On the question of sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319; 99 S. Ct. 2781; 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 900 (Tex. Crim. App. 2010). This standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. *Id.*

The jury may believe some witnesses and refuse to believe others, and it may accept portions of the testimony of a witness and reject other portions. *Lafoon v. State*, 543 S.W.2d 617 (Tex. Crim. App. 1976); *Hernandez v. State*, 538 S.W.2d 127 (Tex. Crim. App. 1976); *Esquivel v. State*, 506 S.W.2d 613 (Tex. Crim. App. 1974).

The term "possession" means actual care, custody, and control. Tex. Penal Code § 1.07 (39).

Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his/her control of the thing for a sufficient time to permit him/her to terminate his/her control. Tex. Penal Code § 6.01 (b).

A person is criminally responsible for an offense committed by the conduct of another if:

(2)    acting with intent to promote or assist the commission of the offense, he/she solicits, encourages, directs, aid, or attempts to aid the other person to commit the offense.

Tex Penal Code § 7.02 (a)(2).

When the accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband. *Cedano v. State*, 24 S.W.3d 406, 411 (Tex. App.—Houston [1st Dist.] 2000, no pet.). An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex. Crim. App. 1983).

Some relevant factors that may affirmatively link an accused to contraband include: (1) the defendant's presence when a search is conducted; (2) whether the

7

contraband was in plain view, (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Washington v. State*, 902 S.W.2d 649, 652 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd); *Chavez v. State*, 769 S.W.2d 284, 288-89 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). The number of linking factors present is not as important as the "logical force" they create to prove the crime was committed. *Gilbert v. State*, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

## 1.2 Applicable Facts

Appellant was the passenger and the owner of the vehicle at the time of the traffic stop. RR Vol. 3 Pages 98, 109 - 112. Appellant told officers that the majority of the personal items in her vehicle belonged to her. RR Vol. 3 Pages 109 - 112. The only other occupant in the vehicle, Grant Cole, testified at trial that all of the bags which contained narcotics entered into evidence belonged to him despite the fact that they were "girlie" in nature. RR Vol. 4 Page 26.

After denying that contraband is present in the vehicle, Appellant gave consent for the officers to search Appellant's vehicle and belongings. RR Vol. 3 Page 114.

In a bag that Sergeant Decker had observed was under Appellant's legs in front of the passenger seat while Appellant was still in the vehicle, officers found the 3.52 grams of methamphetamine that is the subject of this prosecution together with drug paraphernalia. RR Vol. 3 Page 121, 152, 160 - 161; Vol. 4 Page 17.

Located in a second bag which was observed to also be in the front passenger compartment and was situated between Appellant's leg and the center console was various items of drug paraphernalia and female items. RR Vol. 3 Page 116, 118, 161.

At trial the driver of the vehicle, Grant Cole, testified that the narcotics and the meth pipe all belonged to him and that Appellant had no knowledge of the items.

RR Vol. 4 Pages 24 - 26. Cole testified that when the officer turned on his lights, Cole removed the drugs from his pants pocket and put them in a pouch/bag in the back seat without Appellant's knowledge. RR Vol. 4 Pages 24 - 25, 40.

On cross-examination, Cole acknowledged that Appellant was with Cole when Cole purchased methamphetamine on a different occasion as well as the methamphetamine that is the subject of this case. RR Vol. 4 Pages 29 - 30, 38.

## 1.3 Discussion and Conclusion

In this case virtually the total argument of Appellant is a loose comparison of the facts before the jury to each of the non-exclusive factors to consider in determining possession. When referring to several of the factors Appellant at times modified the description of the factor.

One significant point in Appellant's argument is concerning the factor of consideration as to whether or not the accused the owner of the premises. Appellant's argument is that this case involved an automobile meaning that it was not a premise that qualifies for consideration. Whether they may or may not be technically called premises, Appellant was the acknowledged owner of the vehicle

and of the bag in which the narcotics were found. Again, the list of factors is non-exclusive and there is no authority that the factfinder can not consider ownership of items capable of containing contraband inside the items in the same way that a residence is considered as premises.

Another factor argued by Appellant is that the narcotics were found in different bags distributed throughout the vehicle and therefore not accessible to Appellant. Yet a close review of the record shows that the narcotics which are the subject of this prosecution were in fact located in one single, unlocked bag that was underneath Appellant's legs in the front passenger portion of the vehicle. By having this bag positioned between her legs and the seat, as opposed to be jumbled in with all of the other bags in the back seat area, a rational jury could infer this to be an affirmative act of security on the part of Appellant as well as a demonstration that the bag and its contents were more important to Appellant than the other bags. One other bag located between Appellant's leg and the center console contained paraphernalia with residue that was not tested by the laboratory and other paraphernalia with untested residue was found in the center console.

Appellant next argues that because the paraphernalia was not in plain sight it was not "near" Appellant. The bulk of the paraphernalia was in the two unlocked bags, which Appellant acknowledged to officers belonged to her and were both located by

Appellant's legs, one under the legs and one next to the legs, again an act a rational jury could find to be a demonstration of importance and security. The remaining paraphernalia was inside the center console compartment which was in Appellant's car and next to Appellant's seat.

Appellant also argues that no bag was linked as Appellant's sole property. Yet Appellant told the officers at the beginning of the stop that the majority of the bags belonged to her. At trial Appellant's only witness, Grant Cole, testified that he owned all of the "girlie" bags in which the narcotics were located yet he also testified that the bag in which he hurriedly put the narcotics and the meth pipe was in the rear portion of the passenger compartment. Under this record it was quite reasonable for the jury to resolve this conflict in favor of conviction.

Also before the jury was Cole's acknowledgment that Appellant was with Cole on two occasions when Cole purchased methamphetamine. Once when Cole was arrested for that possession and the other time when Cole purchased the methamphetamine that is the subject of this prosecution. A rational jury could infer from this evidence that Appellant allowed Cole to place his narcotics in her bag located beneath her legs and was thereby acting with intent to promote or assist Cole in the commission of the crime by aiding or assisting him in hiding and transporting the narcotics, if Appellant was not outright in exclusive possession of the narcotics.

Even if the evidence presented through the testimony of Grant Cole could inferentially raise an issue as to whether Appellant's possession or control of the narcotics was involuntary, Appellant could have, from the outset, informed Sergeant Decker that Cole had put drugs in the bag in front of her seat which would be an act of termination of the possession or control as contemplated in Tex. Penal Code § 6.01 (b). However she did not do so which demonstrated the voluntariness of her possession and control of the narcotics.

Considering all of these facts which were before this jury, it is reasonable to conclude that the jury resolved all conflicts in the testimony, weighed the evidence, and drew reasonable inferences from basic facts to ultimate facts in rendering a verdict of Guilty. For these reasons the relief being requested by Appellant should be denied and the judgment of conviction and sentenced entered in this cause be affirmed.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee prays the Court deny the relief requested by Appellant and affirm the judgment of conviction and sentence entered against Appellant.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643

Telephone     Telecopier
(325) 247-5755    (325) 247-5274

By:_____
Gary W. Bunyard
Assistant District Attorney
State Bar No. 03353500
g.bunyard@co.llano.tx.us
ATTORNEY FOR APPELLEE

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portion of this brief contains 2,247 words printed in Aldine401BT 14 font, according to the WordPerfect™ X7 word count tool.

Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded on the 3rd day of December 2015, to Alice Price, Attorney for Appellant, by email and by EServe.

Gary W. Bunyard
Assistant District Attorney